# EXHIBIT 6



# RUSKINMOSCOUFALTISCHEK P.C.

*Counselors at Law*

Writer's Direct Dial: (516) 663-6670
Writer's Direct Fax: (516) 663-6870
Writer's E-Mail: ttelesca@rmfpc.com

July 10, 2024

<u>By Email and FedEx</u>

Sheraz Ishaque                                    Sheraz Ishaque
Aroma Concepts LLC                         Mhaytech LLC
4632 36th Street, Suite 200                 9 Umpire Close
Orlando FL 32811                               Birmingham United Kingdom B178BD
aromaconceptsusa@gmail.com            aromaconceptsusa@gmail.com

**Re:** **HAREEM AL SULTAN**

Dear Mr. Ishaque:

We represent Al Khadlaj Perfumes Industries L.L.C. ("Khadlaj Perfumes"). As you well-know, Khadlaj Perfumes is the owner of trademark rights in, *inter alia*, HAREEM AL SULTAN and



HAREEM
AL SULTAN

(the "HAREEM AL SULTAN Marks") in the United States as well as in the United Kingdom, European Union, and Australia in connection with among other things, perfumes. These marks are of great commercial value and rank among our client's most significant assets.

As a result of Khadlaj Perfumes' prior use throughout the United States dating back nearly a decade and its expenditure of substantial sums in establishing, maintaining and promoting its HAREEM AL SULTAN Marks, those trademarks have come to be associated in the public mind solely with Khadlaj Perfumes and the goods it promotes, offers for sale and sells. Khadlaj Perfumes has the exclusive right to use its HAREEM AL SULTAN Marks in commerce in connection with perfumes and fragrances. Since Aroma Concepts LLC ("Aroma Concepts") ceased being Khadlaj



Sheraz Ishaque
July 10, 2024
Page 2

Perfumes' distributor in the United States in December 2023, Khadlaj Perfumes has not authorized or consented to use of its trademarks or any reproduction, counterfeit, copy or colorable imitation thereof by you, Aroma Concepts, or Mhaytech LLC. Nor did Khadlaj Perfumes at any time ever authorize you, Aroma Concepts, or Mhaytech LLC to file a trademark application for the HAREEM AL SULTAN Marks or manufacture any variation of the products bearing the HAREEM AL SULTAN Marks.

It has recently come to our client's attention that you have begun to make use of unauthorized reproductions, counterfeits, copies and/or colorable imitations of Khadlaj Perfumes' HAREEM AL SULTAN Marks on or in connection with perfumes. You are promoting and offering for sale infringing products, including "Hareem Al Sultan Intense" and "Hareem Al Sultan Body Butter Fragrance" through Aroma Concepts' website located at www.aromaconcepts.com and through TikTok Shop using the same social media influencer, Avery Mills, who promoted Khadlaj Perfumes' products bearing the HAREEM AL SULTAN Marks while Aroma Concepts was a distributor for Khadlaj Perfumes in the United States. Your use of the infringing trademarks "Hareem Al Sultan Intense" and "Hareem Al Sultan Body Butter Fragrance" is likely to mislead consumers to believe that your goods are endorsed by, sponsored by, licensed by, or otherwise affiliated with Khadlaj Perfumes and its HAREEM AL SULTAN Marks, all of which are untrue, and is causing Khadlaj Perfumes irreparable harm. Indeed, without question, your actions have already caused confusion.

Given Khadlaj Perfumes' extensive use of its HAREEM AL SULTAN Marks in association with, *inter alia*, perfumes, of which you were well aware, it is obvious that your adoption of the "Hareem Al Sultan Intense" mark was done intentionally, in blatant disregard of our client's trademark rights, and with purposeful intent to trade and profit on our client's goodwill. Indeed, Ms. Mills, when promoting "Hareem Al Sultan Intense" on TikTok, specially stated, "out with the old, in with the new," and she referred to "Hareem Al Sultan Intense" as a new "intense version" of Khadlaj Perfumes' existing HAREEM AL SULTAN.

Your use of "Hareem Al Sultan Intense" and "Hareem Al Sultan Body Butter Fragrance" constitutes trademark infringement and counterfeiting in violation of federal trademark and unfair competition law (15 U.S.C. §§ 1116, 1117 and 1125). Khadlaj Perfumes will institute a civil action for trademark counterfeiting, trademark infringement, and unfair competition seeking permanent injunctive relief and an award of damages and counsel fees and costs (15 U.S.C. § 1051 et seq.) unless you comply with our demands immediately.

In that regard, to avoid any such litigation, we hereby demand that you immediately

RUSKIN MOSCOU FALTISCHEK



**RUSKINMOSCOUFALTISCHEK** P.C.
*Counselors at Law*

Sheraz Ishaque
July 10, 2024
Page 3

CEASE and DESIST from all use of any HAREEM AL SULTAN-formative mark or tradename or anything confusingly similar thereto including, but not limited to, your use of "Hareem Al Sultan Intense" and "Hareem Al Sultan Body Butter Fragrance" on any product name, business name, trade name, trademark, or social media account name, or in any advertisements, promotional videos on social media, whether by you, Ms. Mills, or otherwise, or in promotional literature, photographs, or signage in connection with your goods and services, or in any other manner likely to create the erroneous belief that your products and/or services are authorized by, sponsored by, licensed by, or are in some way associated with, Khadlaj Perfumes and its senior HAREEM AL SULTAN Marks.

We also demand that you immediately withdraw and abandon Mhaytech LLC's application for the HAREEM AL SULTAN trademark in Arabic as follows:

حريم السلطان

(U.S. Serial No. 98008882).

Khadlaj Perfumes further demands the following:

1.     That within 48 hours of our delivery of this letter to you, you cause all merchandise bearing counterfeits or infringements of the HAREEM AL SULTAN Marks, including "Hareem Al Sultan Intense" and "Hareem Al Sultan Body Butter Fragrance," to be removed from sale on Aroma Concepts' website, TikTok, eBay.com, Amazon.com, and/or from every other retail or wholesale location owned or controlled by you, whether online or otherwise;

2.     That you securely warehouse all such infringing and counterfeit merchandise within your possession or control, including merchandise removed from display at any retail or wholesale location, until this matter is finally resolved. Any and all sales to the public taking place more than 48 hours from your receipt of this letter will constitute further intentional and willful violations. Moreover, each unit of counterfeit or infringing merchandise in your possession or control or in the possession or control of your agents and affiliates may constitute evidence of Khadlaj Perfrumes' claims, and serious legal consequences will result from any failure by you to preserve all such evidence. You may not return this evidence to your vendors or otherwise dispose of it or inject it back into the stream of commerce pending final resolution of this matter;

RUSKIN MOSCOU FALTISCHEK



Sheraz Ishaque
July 10, 2024
Page 4


3.      That within 48 hours of our delivery of this letter to you, you provide your written commitment that you have ceased all sales of counterfeit or infringing products bearing the HAREEM AL SULTAN Marks on Aroma Concepts' website and at your TikTok, eBay.com, and Amazon.com locations, and at every other wholesale or retail location owned or controlled by you and have complied with Paragraphs 1 and 2, above;

4.      That within three (3) days of our delivery of this letter to you, you provide to us all information and documentation relating to the number of units of infringing HAREEM AL SULTAN merchandise, including "Hareem Al Sultan Intense" and "Hareem Al Sultan Body Butter Fragrance," within your possession and control, including any outstanding orders for the infringing merchandise; the total number of units of infringing merchandise sold by you, whether sold on the internet or at any other wholesale or retail location owned or controlled by you; and the sales price of each unit sold;

5      That within five (5) days of our delivery of this letter to you, you provide us with a detailed list of all sources from which the counterfeit merchandise was obtained and all documents received from such sources;

6.      That within five (5) days of our delivery of this letter to you, you provide us with copies of all documents, correspondence, purchase orders, invoices, cancelled checks, delivery records, receipts, and all other records of every kind relating to your manufacture, purchase, distribution, sale and marketing of counterfeit merchandise bearing the HAREEM AL SULTAN Marks, including "Hareem Al Sultan Intense" and "Hareem Al Sultan Body Butter Fragrance." Such records should include, without limitation, documents reflecting the purchase price or factory price of all infringing products manufactured or otherwise acquired by you;

7.      That within seven (7) days of our delivery of this letter to you, you appear on a Zoom conference to answer questions regarding your illegal sale of counterfeit HAREEM AL SULTAN merchandise, including "Hareem Al Sultan Intense" and "Hareem Al Sultan Body Butter Fragrance;" and

8.      That within ten (10) days of our delivery of this letter to you, you reach a final agreement with Khadlaj Perfumes as to the amount of damages to be paid to Khadlaj Perfumes for your unlawful acts, and agree to conduct a recall of the counterfeit merchandise you have sold.

RUSKIN MOSCOU FALTISCHEK



Sheraz Ishaque
July 10, 2024
Page 5


PLEASE BE ADVISED  that in the event that you fail or refuse to comply with these requests, we will promptly file the enclosed Complaint in the United States District Court alleging that you have committed unlawful acts of trademark counterfeiting, trademark infringement, and false designation of origin, under the federal trademark law.

I trust that I will hear from you or your attorneys immediately to discuss the implementation of the foregoing requests, as outlined above, so that such litigation can be avoided.

Nothing in this letter should be construed as a waiver, relinquishment, or election of rights or remedies by Khadlaj Perfumes. Khadlaj Perfumes expressly reserves all rights, claims and remedies under applicable federal and state laws.


Very truly yours,

*/s/ Thomas A. Telesca*
Thomas A. Telesca
For the Firm


Enclosure

Cc:    John A. DeMaro, Esq.

1031110

RUSKIN MOSCOU FALTISCHEK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

− − − − − − − − − − − − − − − − − − − − − − − − − − − − − x

AL KHADLAJ PERFUMES INDUSTRIES L.L.C.,

                  Plaintiff,                        **COMPLAINT**

    -against-                            Civ. Action No.

AROMA CONCEPTS LLC, MHAYTECH LLC, and
SHERAZ ISHAQUE,

                  Defendants.

− − − − − − − − − − − − − − − − − − − − − − − − − − − − − x

       Plaintiff, Al Khadlaj Perfumes Industries L.L.C. ("Plaintiff" or "Khadlaj Perfumes"), by

its attorney, Ruskin Moscou Faltischek, P.C., as and for its complaint against defendants Aroma

Concepts LLC, Mhaytech LLC, and Sheraz Ishaque ("Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

       1.      This action arises from Defendants' willful disregard for Khadlaj Perfumes' rights

to the HAREEM AL SULTAN trademarks in connection with, *inter alia*, perfumes.

       2.      After being terminated as a distributor of Khadlaj Perfumes' HAREEM AL

SULTAN family of perfumes in the United States, Defendants, without authorization, created

their own "version" of HAREEM AL SULTAN, which they market as "Hareem Al Sultan

Intense," in blatant violation of Khadlaj's trademark rights and without any regard for Khadlaj

Perfumes' quality standards.

       3.      Despite receiving a cease and desist letter dated July 10, 2024, Defendants

continue to advertise, promote, offer for sale, and sell, among other things, perfumes using the

infringing marks "Hareem Al Sultan Intense" and

<div align="center">حريم السلطان</div>

through their interactive website located at www.aromaconcepts.com and on TikTok Shop.

4.      As a result of Defendants' failure to comply with Khadlaj Perfumes's demand to cease and desist, Khadlaj Perfumes was compelled to bring this action for: (i) infringement of Khadlaj's HAREEM AL SULTAN trademarks, unfair competition, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and New York common law; and (ii) violating N.Y. Gen. Bus. Law § 349 by using Plaintiff's name with intent to deceive or mislead the public, arising from Defendants' use of Plaintiff's HAREEM AL SULTAN trademarks in connection with the marketing, advertising, promotion, offering for sale and/or sale of Defendants' "Hareem Al Sultan Intense" perfume.

5.      Plaintiff seeks injunctive and monetary relief.

**PARTIES**

6.      Plaintiff, Al Khadlaj Perfumes Industries L.L.C., is a limited liability company under the laws of the United Arab Emirates (UAE) with its principal place of business located at Industrial Area 11, Sharjah, UAE.

7.      Upon information and belief, defendant Aroma Concepts LLC ("Aroma Concepts") is a Florida limited liability company with its principal place of business located at 4632 36th Street, Suite 200, Orlando, Florida 32811.

8.      Upon information and belief, defendant Mhaytech LLC ("Mhaytech") is a Wyoming limited liability company with its principal place of business located at 9 Umpire Close, Birmingham, United Kingdom, B17 8BD.

9.      Upon information and belief, defendant Sheraz Ishaque is an individual residing in the United Kingdom and is the manager and/or principal of both Aroma Concepts and Mhaytech.

2

## JURISDICTION AND VENUE

10.     The Court has jurisdiction over this case pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

11.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## BACKGROUND

**A.     Khadlaj and the HAREEM AL SULTAN Marks**

12.     Khadlaj Perfumes is a family-owned, UAE-based perfume house.

13.     Khadlaj Perfumes was established in January 1997.

14.     Mohamed Iqbal Abdul Sattar founded Khadlaj Perfumes with a passion and dream to create unique and unforgettable fragrances.

15.     Mr. Iqbal is Khadlaj Perfumes' master perfumer.

16.     Mr. Iqbal has more than 40 years of experience in the perfume industry.

17.     Mr. Iqbal has fulfilled his vision to create a brand which caters to all fragrance preferences and diverse fragrance cultures globally.

18.     Mr. Iqbal believes in the use of the finest ingredients in "perfumery" that are encased in exclusive flacons to give an experience that engages the senses and provides an unmatched experience.

19.     Mr. Iqbal and Khadlaj Perfumes have a vision to be a trustworthy brand in the perfume industry and to make his brand a household name.

20.     A cornerstone of Khadlaj Perfumes' success has been its quality assurance, following its motto: "adherence to authentic components for making quality products at great value."

21.    Khadlaj Perfumes follows stringent measures to produce quality products from its state-of-the-art and ISO (International Organization for Standardization) 9001 certified manufacturing facility in Sharjah, UAE.

22.    Khadlaj Perfumes' facility is also GMP (Good Manufacturing Practices) certified by the NSF (National Science Foundation) to ensure that its products are consistently produced and controlled according to quality standards.

23.    Khadlaj Perfumes' products are examined at every stage of production to ensure compliance of physical and chemical properties, which are free from microbial, hazardous, and other unwanted chemical contaminants.

24.    Khadlaj Perfumes' mission is to have a global reach through its retail partners.

25.    Fragrances at Khadlaj Perfumes are a unique and innovative blend of Arabic, Occidental, and niche fragrances.

26.    One of Khadlaj Perfumes' biggest successes has been with its HAREEM AL SULTAN line of perfumes.

27.    Khadlaj Perfumes first offered for sale its HAREEM AL SULTAN Silver and HAREEM AL SULTAN Gold perfume oils in or about May 2015.

28.    HAREEM AL SULTAN Gold features a tropical scent.

29.    HAREEM AL SULTAN Silver features a floral scent.

30.    HAREEM AL SULTAN Silver and HAREEM AL SULTAN Gold have been, and continue to be, sold in the United States through, *inter alia*, Khadlaj Perfumes' own interactive website, the interactive websites of its U.S. customers and distributors, Amazon, and TikTok Shop.

4

31.     A recent screenshot of HAREEM AL SULTAN Gold as offered for sale on Khadlaj Perfumes interactive website where HAREEM AL SULTAN Gold can be purchased on the internet for sale in New York and elsewhere in the United States is attached as Exhibit 1.

32.     A recent screenshot of HAREEM AL SULTAN Silver as offered for sale on Khadlaj Perfumes interactive website where HAREEM AL SULTAN Silver can be purchased on the internet for sale in New York and elsewhere in the United States is attached as Exhibit 2.

33.     Khadlaj Perfumes recently offered for sale in the United States its HAREEM AL SULTAN Blue perfume oil on or about October 25, 2023.

34.     HAREEM AL SULTAN Blue features a unisex muskier version of the HAREEM AL SULTAN Gold tropical scent.

35.     Beginning on or about November 27, 2023, Khadlaj Perfumes also offered for sale in the United States its long-standing HAREEM AL SULTAN Gold eau de parfum spray in a more exclusive bottle.

36.     A recent screenshot of HAREEM AL SULTAN eau de parfum spray as offered for sale on Khadlaj Perfumes' interactive website where HAREEM AL SULTAN eau de parfum spray can be purchased on the internet for sale in New York and elsewhere in the United States is attached as Exhibit 3.

37.     The HAREEM AL SULTAN eau de parfum spray has the same tropical scent as HAREEM AL SULTAN Gold.

38.     The HAREEM AL SULTAN  perfumes are all advertised, promoted, offered for sale, and sold globally, including in the United States, under the following trademarks:

5

HAREEM
AL SULTAN



(the "HAREEM AL SULTAN Marks")

39.     The Arabic writing above the English "Hareem Al Sultan" in the second mark transliterate to "HAREEM AL SULTAN" and this means "WIFE OF THE SULTAN" in English.

40.     The HAREEM AL SULTAN Marks are inherently distinctive.

41.     The HAREEM AL SULTAN Marks are neither generic nor descriptive of the goods sold under them by Khadlaj Perfumes.

42.     On or about July 12, 2023, Khadlaj Perfumes filed separate trademark applications for the aforesaid word mark HAREEM AL SULTAN and word mark with Arabic letters,



(the "HAREEM AL SULATN Applications") as follows:

    i.     U.S. Serial No. 98081449 on the Principal Register in the United States Patent and Trademark Office ("USPTO") for HAREEM AL SULTAN in International Class 03 in connection with, *inter alia*, perfumery and perfumes; and

6

ii.    U.S. Serial No. 98081456 on the Principal Register in the USPTO for



HAREEM
AL SULTAN

in International Class 03 in connection with, *inter alia*, perfumery and perfumes.

43.    Both HAREEM AL SULTAN Marks have a date of first use in commerce of at least as early as May 5, 2015.

44.    Khadlaj Perfumes has advertised, promoted, offered for sale, and sold perfumes under the HAREEM AL SULTAN Marks through: (i) its interactive website www.khadlaj-perfumes.com which bears Khadlaj Perfumes' registered house mark



KHADLAJ

;

(ii) various online retail marketplaces, such as Amazon and TikTok Shop, from which HAREEM AL SULTAN product has been sold to end-users in the United States; and (iii) its U.S.-based customers and distributors, who are located in New York, New Jersey, Florida, Georgia, Illinois, Minnesota, Nebraska, Texas, and Virginia, and who sell product to end-users on interactive websites and/or in stores.

45.    As a result of Khadlaj Perfumes' expenditure of substantial sums in establishing, maintaining and promoting the HAREEM AL SULTAN Marks, such Marks have acquired incalculable distinction, reputation, and goodwill all belonging to Khadlaj Perfumes.

7

46.     The HAREEM AL SULTAN Marks and the goods offered thereunder have received unsolicited media coverage greatly enhancing the strength of Plaintiff's brand. For example, HAREEM AL SULTAN has been featured in Perez Hilton's online magazine.

47.     HAREEM AL SULTAN has also been promoted by well-known influencers, including, among others, Taj Noir @taj.noir, Demi Rawling @demi.rawling, Karina Waldron @karinawaldron, and Avery Mills @o.m.a.ver.y.

48.     In or about April 2023, Taj Noir's unsolicited promotional post of HAREEM AL SULTAN Gold on TikTok went viral leading to significantly increased sales in the United States.

49.     Following Taj Noir's TikTok viral video promoting HAREEM AL SULTAN Gold, Khadlaj Perfumes then U.S. distributor, defendant Aroma Concepts, used a paid influencer, Avery Mills, to promote HAREEM AL SULTAN perfumes.

50.     Avery Mills' promotional social media video led to the further success of the HAREEM AL SULTAN brand.

**B.     Defendants' Unlawful Conduct**

51.     In or about 2019, defendant Sheraz Ishaque went to the UAE to meet with Khadlaj Perfumes and first sought to distribute Khadlaj Perfumes' products in the United Kingdom.

52.     Defendant Sheraz Ishaque then began to distribute Khadlaj Perfumes' products in the United States through defendant Aroma Concepts.

53.     Defendant Sheraz Ishaque founded Aroma Concepts on or about November 1, 2021.

54.     From in or about January 2020 to December 2023, Aroma Concepts distributed HAREEM AL SULTAN for Khadlaj Perfumes in the United States.

8

55.     Without authorization from Khadlaj Perfumes, in or about June 2023, defendant Aroma Concepts began to offer for sale a smaller, 12 milliliter (ml) travel size of HAREEM AL SULTAN perfume.

56.     Upon information and belief, the 12 ml travel size did not contain authentic perfume manufactured by Khadlaj Perfumes under its strict quality assurance guidelines.

57.     Beginning with the sale of the unauthorized and illegitimate travel size, Khadlaj Perfumes realized that defendant Sheraz Ishaque was only interested in promoting and marketing himself and Aroma Concepts rather than Khadlaj Perfumes.

58.     It has become clear that defendant Sheraz Ishaque through defendants Aroma Concepts and Mhaytech has hatched a plan to steal the HAREEM AL SULTAN brand from Khadlaj Perfumes.

59.     Upon information and belief, on or about April 26, 2023, unbeknownst to Khadlaj Perfumes, defendant Sheraz Ishaque formed defendant Mhaytech in the State of Wyoming.

60.     On or about May 23, 2023, unbeknownst to Khadlaj Perfumes, defendant Sheraz Ishaque caused defendant Mhaytech to file an intent-to-use trademark application in the USPTO for HAREEM AL SULTAN in Arabic for fragrances and perfumes (U.S. Serial No. 98008882) as follows (the "Mhaytech Application"):

<div dir="rtl" align="center">حريم السلطان</div>

61.     The Mhaytech Application was signed by defendant Sheraz Ishaque.

62.     Defendant Mhaytech used a Birmingham, United Kingdom address in the Mhaytech Application.

9

63.     In the Mhaytech Application Declaration, defendant Sheraz Ishaque made the following representations which were knowingly false:

### Declaration

☐ **Basis:**
**If the applicant is filing the application based on use in commerce under 15 U.S.C. § 1051(a):**

- The signatory believes that the applicant is the owner of the trademark/service mark sought to be registered;
- The mark is in use in commerce and was in use in commerce as of the filing date of the application on or in connection with the goods/services in the application;
- The specimen(s) shows the mark as used on or in connection with the goods/services in the application and was used on or in connection with the goods/services in the application as of the application filing date; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

**And/Or**
**If the applicant is filing the application based on an intent to use the mark in commerce under 15 U.S.C. § 1051(b), § 1126(d), and/or § 1126(e):**

- The signatory believes that the applicant is entitled to use the mark in commerce;
- The applicant has a bona fide intention to use the mark in commerce and had a bona fide intention to use the mark in commerce as of the application filing date on or in connection with the goods/services in the application; and
- To the best of the signatory's knowledge and belief, the facts recited in the application are accurate.

☐ To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive.

☐ To the best of the signatory's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions made above have evidentiary support.

☐ The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Sheraz ishaque/   Date: 05/23/2023
Signatory's Name: Sheraz Ishaque
Signatory's Position: Principal
Signatory's Phone Number: 3073163756
Signature method: Sent to third party for signature
Payment Sale Number: 98008882
Payment Accounting Date: 05/23/2023

Serial Number: 98008882
Internet Transmission Date: Tue May 23 12:03:22 ET 2023
TEAS Stamp: USPTO/FTK-XX.XXX.XXX.XXX-202305231203237
69006-98008882-86028b5febe952a9545b48c96
42e50a01844bcca7972ae7e595e382188abea93d
6-CC-03225410-20230518104801758202

64.     At the time of the Mhaytech Application, defendant Sheraz Ishaque knew that Khadlaj Perfumes had a superior right to use the HAREEM AL SULTAN Marks in commerce.

65.     The Mhaytech Application is currently blocking Khadlaj Perfumes' HAREEM AL SULTAN Applications from proceeding to registration.

66.     In or about December 2023, Khadlaj Perfumes terminated its relationship with Aroma Concepts.

67.     In or about February 2024, Universal Perfumes & Cosmetics, based in Hauppauge, New York, became Khadlaj Perfumes' exclusive U.S. distributor.

68.     On or about March 16, 2024, defendant Sheraz Ishaque threatened to retaliate against Khadlaj Perfumes.

69.     On or about June 28, 2024, which was long after Khadlaj Perfumes acquired protectable, exclusive rights in its HAREEM AL SULTAN Marks, Khadlaj Perfumes discovered that Defendants, without Khadlaj Perfumes' authorization, adopted and began using a mark identical and/or confusingly similar to Plaintiff's HAREEM AL SULTAN Marks in U.S.

حريم السلطان

commerce, including                    and "Hareem Al Sultan Intense" (the "Infringing Marks") for perfume, as follows:



11

A screenshot of Defendants' perfume sold under the Infringing Marks is above and attached as Exhibit 4.

70.    The Infringing Marks adopted and used by Defendants are identical and/or confusingly similar to Khadlaj Perfumes' HAREEM AL SULTAN Marks in sight, sound and commercial impression:

**Khadlaj's Perfumes' Product**                    **Aroma Concepts' Product**



71.    Defendants have also begun to sell a body butter using the Infringing Marks with the same fragrance:

[INTENTIONALLY LEFT BLANK]

12



A screenshot of Defendants' body butter sold under the Infringing Marks is as above and attached as Exhibit 5.

72.     Defendants have engaged in the advertising, promotion, offering for sale, and sale of perfume, using the Infringing Marks on their interactive website www.aromaconcepts.com and the same online marketplaces, including TikTok Shop.

73.     Since Aroma Concepts sales began on TikTok in June 2024, Defendants have made 1,384 sales of their product under the Infringing Marks.

74.     At all relevant times Defendants were aware of, and knew about, Plaintiff and its HAREEM AL SULTAN Marks.

75.     Defendants are promoting their perfume under the Infringing Marks using the same social media influencer, Avery Mills, who has specifically promoted Defendants imposter perfume as a "new version" of Khadlaj Perfumes' HAREEM AL SULTAN.

13

76. On or about July 10, 2024, Plaintiff's counsel sent a cease and desist letter to Defendants objecting to Defendants' use of the Infringing Marks. A copy of Plaintiff's cease and desist letter is attached hereto as <u>Exhibit 6</u>.

77. To date, Defendants continue to use their Infringing Marks on perfume.

78. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Defendants' perfume "Hareem Al Sultan Intense" and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' perfume "Hareem Al Sultan Intense" originates from, or is associated or affiliated with, or endorsed by, sponsored by, licensed by, or otherwise authorized by Plaintiff, all of which are untrue.

79. Defendants' continued use of the Infringing Marks is being done with reckless disregard for Plaintiff's trademark rights and with purposeful intent to trade and profit on Plaintiff's goodwill.

80. Defendants' acts are causing, and unless restrained, will continue to cause damage and irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

<div align="center">
<u>AS AND FOR A FIRST CAUSE OF ACTION</u><br>
<b>(Federal Unfair Competition)</b>
</div>

81. Plaintiff repeats and realleges the foregoing paragraphs 1 to 80 with the same force and effect as if fully set forth hereat.

82. Defendants' unauthorized use in commerce of the HAREEM AL SULTAN Marks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Plaintiff's goods and/or services, and is likely to cause consumers to believe, contrary to fact, that

<div align="center">14</div>

Defendants' goods and/or services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or licensed by Plaintiff.

83.    Defendants' unauthorized use in commerce of the HAREEM AL SULTAN Marks as alleged herein constitutes trademark infringement, use of a false designation of origin, and a misleading description and representation of fact.

84.    Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

85.    Defendants' conduct as alleged herein constitutes unfair competition in violation of Sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

86.    Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court.

87.    Plaintiff has no adequate remedy at law.

88.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Common Law Trademark Infringement and Unfair Competition)

89.    Plaintiff repeats and realleges the foregoing paragraphs 1 to 88 with the same force and effect as if fully set forth hereat.

90.    Defendants' actions, as described herein, are likely to cause confusion, or to cause mistake, or to deceive the public regarding the origin, sponsorship, affiliation, connection,

15

association, or approval of Defendants' goods and/or services, such that Defendants' acts constitute infringement of Plaintiff's right to use the HAREEM AL SULTAN Marks, misappropriation of the goodwill in the HAREEM AL SULTAN Marks, and unfair competition under New York common law.

91.     As a direct and proximate result of the willful actions, conduct, and practices of Defendants, they have been unjustly enriched and Plaintiff has been damaged and will continue to be irreparably harmed unless Defendants' unlawful conduct is enjoined.

**AS AND FOR A SIXTH CAUSE OF ACTION**
**(Violation of New York General Business Law § 349)**

92.     Plaintiff repeats and realleges the foregoing paragraphs 1 to 91 with the same force and effect as if fully set forth hereat.

93.     Defendants' actions described here are: (i) consumer oriented; (ii) constitute deceptive acts or practices in the conduct of a business, trade, and commerce in New York in a material way; and (iii) cause Plaintiff injury as a result of such deceptive and misleading activities in violation of N.Y. Gen. Bus. Law § 349.

94.     The actions of Defendants described herein have at all times relevant to this action been willful and knowing.

95.     As a direct result of Defendants' deceptive trade practices Plaintiff has been damaged and will continue to be irreparably harmed unless Defendants' unlawful conduct is enjoined.

**WHEREFORE**, Plaintiff, Al Khadlaj Perfumes Industries L.L.C., requests judgment against defendants Aroma Concepts LLC, Mhaytech LLC, and Sheraz Ishaque as follows:

A.     Declaring that Defendants have violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

16

B.     Declaring that Defendants have violated New York State's unfair competition laws, including, without limitation, N.Y. Gen. Bus. Law § 349;

C.     Granting an injunction permanently enjoining Defendants, their employees, members, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

i.     distributing/providing, selling, marketing, advertising, promoting, offering for sale, selling, or authorizing any third party to distribute/provide, offer for sale, sell, market, advertise or promote perfumes and/or related goods bearing the HAREEM AL SULTAN Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the HAREEM AL SULTAN Marks, including "Hareem Al Sultan Intense" and "Hareem Al ‎n Bod‎ ‎ter ‎    ;"

ii.     engaging in any activity that infringes Plaintiff's rights in the HAREEM AL SULTAN Mark ;

iii.     engaging in any activity constituting unfair competition with Plaintiff, including, without limitation, the use of the HAREEM AL SULTAN Marks, or any part ‎   ‎ ;

iv.     making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe (1) that Defendants' goods and/or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with, Plaintiff; or (2) that Plaintiff's goods and/or services are in any manner approved, endorsed,

17

licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with, Defendants;

v.   using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, domain names, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

vi.   registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the HAREEM AL SULTAN Marks or any other mark that infringes or is likely to be confused with Plaintiff's marks, or any goods or services of ᵃ. ᵃᵃᵃ . ᵃᵃ . ᵃᵃ ʰeiᵢ ᵃe wiᵢ ᵃ ᵃaintᵢ 's express written consent; and

vii.   aiding, assisting, or abetting any other individual or entity in doing any act prohibited by subparagraphs (i) through (vi).

D.   Declaring that Mhaytech LLC's trademark application U.S. Serial No. 98008882 ᵃ ᵃ ʰdrᵃᵢ ᵃᵃ ᵃdoᵢ ;

E.   Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services made, prepared, manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods and services;

18

F.      Directing Defendants to immediately cease all preparation, manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all domain names, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the HAREEM AL SULTAN Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the HAREEM AL SULTAN Marks in connection with perfumes and/or related goods;

G.      Directing that Defendants recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays, and related materials incorporating or bearing the HAREEM AL SULTAN Marks, or any other mark that is a counterfeit, copy, confusingly similar variation, or colorable imitation of the HAREEM AL SULTAN Marks, including, without limitation, "Hareem Al Sultan Intense" and "Hareem Al ;"

H.      Directing, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1116(a), Defendants to file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which  mpl  wit ;

I.      Directing that Defendants account to and pay over to Plaintiff all profits realized by their wrongful acts in accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), enhanced as appropriate to compensate Plaintiff for the damages caused thereby;

J.      Awarding Plaintiff damages and injunctive relief as set forth herein under Gen. Bus. Law § 349 as well as New York common law;

19

K.    Awarding Plaintiff punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement;

L.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)); and

M.    Awarding such other and further relief as the Court deems just and proper.

Dated: Uniondale, New York
        July __, 2024

RUSKIN MOSCOU FALTISCHEK, P.C.


By:_____
        Thomas A. Telesca, Esq.
        John A. DeMaro, Esq.
        *Attorney for Plaintiff*
        1425 RXR Plaza
        East Tower, 15th Floor
        Uniondale, New York 11556
        (516) 663-6600

1030988

20

EXHIBIT 1



EXHIBIT 2



EXHIBIT 3



EXHIBIT 4



EXHIBIT 5



#1031192

 Shipment Receipt

**Address Information**

Ship to:
Sheraz Ishaque
Aroma Concepts LLC

4632 36th Street
Suite 200
ORLANDO, FL
32811
US
516-663-6600

Ship from:
Thomas Telesca
Ruskin Moscou Faltischek
P.C.
East Tower 15th Floor
1425 RXR Plaza
UNIONDALE, NY
11556
US
5166636600

**Shipment Information:**
Tracking no.: 777315804774
Ship date: 07/10/2024
Estimated shipping charges: 19.38 USD

**Package Information**
Pricing option: FedEx Standard Rate
Service type: Priority Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 1  LBS
Declared Value: 0.00  USD
Special Services:
Pickup/Drop-off: Drop off package at FedEx location

**Billing Information:**
Bill transportation to: Primary-637
Your reference: 1998900.1
PO no.:
Invoice no.:
Department no.:

Thank you for shipping online with FedEx ShipManager at fedex.com.

Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

 Shipment Receipt

## Address Information

**Ship to:**
Sheraz Ishaque
Mhaytech LLC

9 Umpire Close

BIRMINGHAM,
B178BD
GB
516-663-6600

**Ship from:**
Thomas Telesca
 Ruskin Moscou Faltischek
P.C.
East Tower 15th Floor
1425 RXR Plaza
UNIONDALE,  NY
11556
US
5166636600

## Shipment Information:
Tracking no.: 777315912227
Ship date: 07/10/2024
Estimated shipping charges:  61.87 USD

## Package Information
Pricing option:
Service type: International Priority
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.50   LBS
Declared Value: 0.00  USD
Special Services:
Pickup/Drop-off: Drop off package at FedEx location

## Billing Information:
Bill transportation to: Primary-637
Bill duties/taxes/fees to: Recipient
Your reference:  1998900.1
PO no.:
Invoice no.:
Department no.:

Thank you for shipping online with FedEx ShipManager at fedex.com.

## Please Note

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.